IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(<u>Greenbelt Division</u>)

| | |
|---|---|
| In re: ) | |
| ) | |
| SENATE ACCEPTANCE CORPORATION, ) | Case No. 13-30244 |
| ) | (Involuntary Chapter 7) |
| Debtor. ) | |

**EX PARTE MOTION (I) TO SHORTEN NOTICE PERIOD
AND FOR EXPEDITED HEARING ON EMERGENCY MOTION
FOR APPOINTMENT OF AN INTERIM TRUSTEE PURSUANT
TO 11 U.S.C. § 303(g) AND (II) TO PROHIBIT THE USE, TRANSFER OR OTHER
DISPOSITION OF THE DEBTOR'S ASSETS PENDING RESOLUTION OF THE
EMERGENCY MOTION**

CMS Family IV LLC and Charles M. Steiner (together, the "Movants"), two of the petitioning creditors (the "Petitioning Creditors") in this involuntary chapter 7 case, by their undersigned counsel, and for the reasons set forth in the Emergency Motion for Appointment of an Interim Trustee Pursuant to 11 U.S.C. § 303(g) ("Emergency Motion") filed contemporaneously herewith and incorporated herein by reference, respectfully request that the Court, pursuant to 11 U.S.C. § 105(a), (i) shorten the notice period and schedule an expedited hearing on the Emergency Motion and (ii) immediately prohibit Senate Acceptance Corporation (the "Debtor") from using, transferring, encumbering, leasing or otherwise disposing of any assets or property in which the Debtor has a legal or equitable interest pending resolution of the Emergency Motion. In support of the relief request in this Motion, the Movants state as follows:

1. On December 2, 2013 (the "Petition Date"), the Petitioning Creditors filed an involuntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against the Debtor.

2. At the time of filing this Motion, the summons in this case has not been issued.

3. Because objections and defenses, if any, to the involuntary petition need not be

1

filed until twenty-one (21) days after the issuance of the summons, and because the Court would need to schedule and conduct an evidentiary hearing in the event that any objections or defenses are timely filed, there may be a multi-week period of time before an order for relief may be entered.

4. As more fully set forth in the Emergency Motion, the Debtor, at the behest of its president and chief executive officer, Mr. Katz: (i) may be engaged in a Ponzi scheme as evidenced by the Debtor's apparent pattern and practice of borrowing funds from the Movants and other lenders to fund existing debt service and payoff amounts on existing promissory notes and/or to pay premiums due to insurance carriers on automobile policies; and (ii) has grossly mismanaged its affairs to the detriment of its unsecured creditors, including Movants, by failing to file its tax returns for at least the past two years, failing to maintain customary and appropriate financial records and recent efforts to sell the Debtor's receivables, which may be the only resources available to pay unsecured creditors. Alarmingly, the Debtor continues to finance consumers' automobile insurance policy premiums despite the fact that it has insufficient funds to pay the premium amounts to the insurance carriers when due, which could result in the cancellation of the consumers' automobile policies.

5. The Movants seek the emergency appointment of an interim trustee under section 303(g) of the Bankruptcy Code to preserve property of the estate, prevent loss of assets to the estate, stop the apparent Ponzi scheme, halt premium financing activities which could result in consumers losing their automobile insurance, and investigate the financial affairs of the Debtor.

6. An immediate interim order freezing the Debtor's assets pending an emergency hearing on the Emergency Motion is necessary to prevent irreparable harm to the estate from the Debtor's sale or assignment of the Debtor's primary assets, its accounts receivable, and to protect

the public interest by immediately suspending premium financing activities which could result in consumers losing their automobile insurance. Any harm to the Debtor due to this temporary freeze in assets is mitigated by the automatic stay and the temporary nature of the relief sought. The potential harm to the estate greatly outweighs any harm to the Debtor.

7. Accordingly, the Movants request that the Court shorten the notice period, schedule a hearing on the Emergency Motion as soon as practicable, and immediately enter the attached order freezing the assets of the Debtor and suspending the Debtor's ability to enter into new consumer premium finance agreements pending the hearing on the Emergency Motion.

8. Pursuant to Local Bankruptcy Rule 9013-2, the Movants have not filed a memorandum in support of this Motion and rely solely on the Motion.

WHEREFORE, the Movants respectfully request that the Court enter an order (i) shortening the notice period; (ii) scheduling a hearing on the Emergency Motion as soon as practicable; (iii) immediately prohibiting the use, sale, transfer, encumbrance, lease or other disposition of the Debtor's assets and suspending the Debtor's ability to enter into new consumer premium finance agreements pending the resolution of the Emergency Motion; and (iv) granting such other and further relief as this Court deems fair and just.

Dated:   December 2, 2013                    WILEY REIN LLP

7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
Telephone:  (703) 905-2800
Facsimile:  (703) 905-2820
vmorrison@wileyrein.com

By:    /s/ Valerie P. Morrison
Valerie P. Morrison, Fed. Bar No. 24770
H. Jason Gold, *pro hac vice to be filed*
Lauren Friend McKelvey