IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(**Greenbelt Division**)

In re:                                                      )
                                                            )
SENATE ACCEPTANCE CORPORATION,    )    Case No. 13-30244
                                                            )    (Involuntary Chapter 7)
                    Debtor.                         )

**ORDER GRANTING EX PARTE MOTION (I) TO SHORTEN NOTICE
PERIOD AND FOR EXPEDITED HEARING ON EMERGENCY MOTION FOR
APPOINTMENT OF AN INTERIM TRUSTEE PURSUANT TO 11 U.S.C. § 303(g) AND
(II) TO PROHIBIT THE USE, TRANSFER OR OTHER DISPOSITION OF THE
DEBTOR'S ASSETS PENDING RESOLUTION OF THE EMERGENCY MOTION**

This matter having come before the Court upon the Motion (I) to Shorten Notice Period and for Expedited Hearing on Emergency Motion for Appointment of an Interim Trustee Pursuant to 11 U.S.C. §303(g) (the "Emergency Motion") and (II) to Prohibit the Use, Transfer or Other Disposition of the Debtor's Assets Pending the Hearing on the Emergency Motion (the "Motion"), filed by CMS Family IV LLC and Charles M. Steiner (together, the "Movants"), two of the petitioning creditors in this involuntary chapter 7 proceeding; and

It appearing to the Court that the bankruptcy estate is substantially likely to suffer irreparable harm absent immediate relief from this Court, which harm greatly outweighs any harm the Debtor may suffer from the award of the relief set forth in this Order; and

It further appearing to this Court that the Movants have raised substantial issues with respect to the merits of their claims such that they are likely to succeed on the merits; and

It further appearing to the Court that entry of this Order is in the best interests of the Debtor's creditors and will prevent the dissipation of the assets of the Debtor; it is accordingly hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtor is prohibited from using, selling, encumbering, transferring, leasing or otherwise disposing of any and all assets or property in which the Debtor has a legal or equitable interest, wherever located and by whomever held, pending further order of this Court.

3. Pending further order of this Court, the Debtor shall not enter into consumer premium finance agreements.

4. The notice period is shortened to _____ days. The Debtor's response to the Emergency Motion shall be filed by December ___, 2013.

5. A hearing is set for December ___, 2013 at _____ on the Emergency Motion.

6. The Movant shall, within _____ of the entry of this Order, serve a copy of this Order upon the Debtor, Debtor's counsel, if any, the Office of the United States Trustee, the other petitioning creditors, Capital Bank, National Association and all other banks and financial institutions known to Movants where the Debtor maintains an account.

7. This Order shall be effective immediately upon entry by the Court.

-3-

cc: Joyce A. Kuhns, Saul Ewing LLP, 500 E. Pratt Street, Suite 900, Baltimore, MD 21202

Valerie P. Morrison, Wiley Rein LLP, 7925 Jones Branch Drive, Suite 6200, McLean, Virginia 22102

Office of the U. S. Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, Maryland 20770

**END OF ORDER**

13672843.5