UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re:<br><br>SENATE ACCEPTANCE CORPORATION<br>SENATE INSURANCE AGENCY, INC.<br><br>        Debtors. | Chapter 11<br>Case No: 13-30244 PM<br>*Substantively Consolidated* |

**FIRST INTERIM APPLICATION FOR APPROVAL OF
COMPENSATION OF TRUSTEE'S ACCOUNTANTS FOR THE PERIOD
<u>FEBRUARY 24, 2014 THROUGH JUNE 30, 2014</u>**

TO THE HONORABLE PAUL MANNES, BANKRUPTCY JUDGE:

COMES Janet M. Nesse, the duly appointed and qualified Chapter 11 Trustee of the bankruptcy estate of Senate Acceptance Corporation ("SAC") and the Responsible Officer for Senate Insurance Agency, Inc. ("SIA"), and in support of her Application for Approval of Compensation of Trustee's Accountants, respectfully states as follows:

**I.      <u>NARRATIVE HISTORY AND BACKGROUND</u>**

The case of Senate Acceptance Corporation ("SAC"), case no. 13-30244, commenced December 2, 2013 when CMS Family IV LLC, Charles Steiner, Nioma Cohen Trust f/b/o Ronna Cohen, Sheldon Monsein Living Trust, Judith Monsein Living Trust, and Lauren Miller filed an involuntary petition against SAC for bankruptcy relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). On December 8, 2013, SAC filed a Motion to Convert Case from Chapter 7 to 11, which the Court granted in an Order entered on December 12, 2013. On December 23, 2013, the Court entered an Order Approving Appointment of Chapter 11 Trustee whereby the Court approved the United States Trustee's appointment of Janet M. Nesse as Chapter 11 Trustee in the SAC case ("Trustee" and/or "Ms. Nesse"). Geary B. Katz is an

owner of SAC and has a personal bankruptcy case pending before this Court, case no. 14-10356. On January 27, 2014, the Court entered a Consent Order Resolving Emergency Motion for Appointment of an Interim Trustee Pursuant to 11 U.S.C. § 303(g) ("Consent Order") whereby Mr. Katz agreed to (i) unconditionally assign all of his executive powers, voting, and management rights in the Debtor Related Companies, as defined therein, to Ms. Nesse including, without limitation, the power and rights to terminate any management agreements in any of the Debtor Related Companies, as Ms. Nesse deems appropriate in her sole and absolute discretion; (ii) provide sole signatory authority to Ms. Nesse on all bank and other depository accounts held in the name of any of the Debtor Related Companies; and (iii) relinquish to Ms. Nesse all rights to manage and direct the operations of the Debtor Related Companies and reach a resolution with the Maryland Insurance Commissioner.[1]

On February 5, 2014, Ms. Nesse filed a voluntary Chapter 11 petition on behalf of SIA as the responsible officer pursuant to the Consent Order. An Application to retain Victor Y. Lipnitsky ("Lipnitsky") of Stout Risius Ross, Inc. ("SRR") (collectively, the "Accountants") was filed on February 24, 2014 in the SAC case and was granted on March 14, 2014. On March 28, 2014, the Court entered an Order Granting Motion Seeking Substantive Consolidation of Related Cases: 13-30244 (Lead) and 14-11743.

## II.  SERVICES RENDERED

The Accountants reviewed and analyzed bank documents for 2011, 2012 and 2013, created a database of the relevant findings, identified checks and spot checked certain transactions, generated a list of unknown accounts, analyzed transfers and wires, identified personal accounts, analyzed deposits and deposit receipts, analyzed bank accounts, analyzed

---

[1] The Consent Order defines the "Debtor Related Companies" as Senate Insurance Agency, Inc., Laurel Insurance Corporation, Congress Acceptance Corporation, Presidential Acceptance Corporation, Congress Motor Club, Inc. and Middleview Holdings, LLC.

general ledger regarding credit cards for 2011 through 2013, conducted disbursement analyses, prepared analysis regarding investors, including receipts and payments, performed new money analysis, reviewed the check register, and prepared exhibits and a report of findings. These services are required of the Trustee in order to determine what claims the estate may have, evaluate the financial condition of the estate and pursue litigation.

### III. PRIOR APPLICATIONS FOR COMPENSATION

This is the first interim application for compensation of the Accountants.

### IV. INFORMATION REQUIRED BY RULE 2016

As required by Federal Rule of Bankruptcy Procedure 2016, the Accountants disclose that they have not received a retainer prior to the time of filing. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein. No compensation received has been shared. There is no understanding between the Accountants and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

### V. VALUE OF SERVICES

A. Computation of Value

The Trustee submits that the services by the Accountants were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of assisting the Chapter 11 Trustee administer the estate. The Trustee further submits that any expenses incurred were reasonable and necessary.

The fees and expenses charged by the Accountants during the period of February 24, 2014 through June 30, 2014, using the "lodestar" method of fee computation, are:

|        Fees         |       Expenses      |
|:-------------------:|:-------------------:|
|     $75,657.00      |       $879.19       |

Copies of the records of the actual time entries made by all of the professionals rendering service to the Trustee are attached hereto as Exhibit A. A summary of the time spent by the Accountants in assisting the Trustee is attached hereto as Exhibit B.

    B.  Identification of Professionals Rendering Service

Services were rendered by Victor Y. Lipnitsky at $260.00/hour and Wendi Gao at $150.00/hour. This rate is below the market for firms of this kind in this area. This firm has particular expertise in bankruptcy and insolvency accounting work. Mr. Lipnitsky's rate is very moderate for a CPA who is also a CFE (certified fraud examiner) and CIRA (Certified Insolvency and Restructuring Advisor).

    C.  Billing Discretion

The Accountants billed the estate on a fixed hourly rate for services performed. The Accountants did not bill various phone calls and other short periods that are not routinely billed.

**VI.   EVALUATION STANDARDS**

The Trustee submits that the Accountants are entitled to be paid the full amount of the fees and expenses sought herein, based upon the factors established in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974), and adopted in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), and based upon the "Guidelines," as discussed in detail below:

    a.  Skill Required to Perform the Services Properly: The Trustee submits that the skill and competency level required of Chapter 11 accountants is, at a minimum, the ordinary skill and competence required of any experienced accountant practicing in a specialized field.

  b. <u>Preclusion of Other Employment</u>:  The Accountants were not denied the opportunity to accept representations of other clients as a result of their rendition of service to the Trustee herein.

  c. <u>Novelty and Difficulty of Questions</u>:  The Accountants have not encountered truly novel or difficult questions in the course generally of their service to the Trustee warranting any variation from the "lodestar" amount although the volume of transactions and intermingling of assets has made their work very difficult.  None of the work performed was duplicative of that performed by Larry Strauss and the firm of Larry Strauss Esq. & Associates.

  d. <u>Time and Labor Required</u>:  The time and labor required of the Accountants in connection with their service to the Trustee is set forth in the time records attached hereto as Exhibit A.  The amount of compensation sought through this Application is the "lodestar" amount, derived from the hours actually billed on this matter, as reflected in Exhibit A.

  e. <u>The Customary Fee</u>:  The hourly rates charged by the Accountants for the services specified in Exhibit A are the customary rates charged by the Accountants, and are, the Accountants submit, at less than an ordinary "market rate" for accountants of comparable experience and expertise.  No variance from practice of billing time at an hourly rate -- <u>e.g.</u>, through "value billing" -- was ever undertaken or permitted by the Accountants.

  f. <u>Fixed or Contingent</u>:  The fees charged by the Accountants were determined at an hourly rate, based on time actually expended working on matters for the Trustee.  The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

  g. <u>Experience, Reputation and Ability of the Accountants</u>:  The Accountants have

extensive experience in dealing with businesses and were selected in consultation between the Trustee and the Official Committee of Unsecured Creditors.  Lipnitsky is a CPA with over 12 years experience providing accounting and litigation consulting services, including fraud investigation, forensic accounting and commercial damages.  Lipnitsky is a CPA, CFE (certified fraud examiner) and CIRA (Certified Insolvency and Restructuring Advisor).   He has worked on Chapter 7 and Chapter 11 cases before and has specialized training in bankruptcy and insolvency accounting work.  The Accountants submit that they are well regarded among their peers and enjoy a favorable reputation.

      h.   <u>Awards in Similar Cases</u>:  The Accountants submit that the compensation requested herein is similar to fee awards granted to other accountants who have served as accountants to Chapter 7 and 11 trustees in cases bearing similarity to this case.

      i.   <u>Time Limitations</u>:  The Accountants were not burdened by any unusual time limitations.

      j.   <u>Results Obtained</u>:  The Trustee submits that the services rendered by the Accountants yielded good and economic results for the estate and the creditors.

## VII. <u>ABILITY TO PAY</u>

It appears the estate has sufficient funds to pay the Accountants for their legal expenses and costs incurred.

## VIII. <u>FURTHER APPLICATION</u>

Further applications are anticipated.

WHEREFORE, for the foregoing reasons, the Trustee requests that this Court enter an Order:

    a.  approving the compensation to the Accountants as sought herein; and

    b.  granting such other and further relief as is just and proper.

Dated: July 31, 2014                                    Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse, No. 07804
Stinson Leonard Street LLP
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 785-9100
Fax: (202) 785-9163
janet.nesse@stinsonleonard.com

*Counsel for Trustee*

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2014, a copy of the First Interim Fee Application for Approval of Compensation for Trustee's Accountants was served via electronic mail, ECF, or by first class mail, postage prepaid, on the following:

Gerard R. Vetter, Esq.
Office of the US Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770
gerard.r.vetter@usdoj.gov

Lynn A. Kohen, Esq.
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
lynn.a.kohen@usdoj.gov

Committee of Unsecured Creditors
c/o Gary C. Becker, Interim Chairperson
10927 Falls Road
Lutherville, MD 21093

Adam Steiner, Managing Director
CMS Family IV, LLC
P.O. Box 129
Davidsonville, MD 21035

Douglas Monsein, Trustee
Doug Monsein Family Trust
c/o McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

Jonathan L. Hazman
1927 W. Joppa Road
Ruxton, MD 21204

Stuart Soberman
13611 Daphney House Court
Rockville, MD 20850

Securities and Exchange Commission
Branch of Reorganization
3475 Lenox Road NE, Suite 1000
Atlanta, GA 30326-1232

Howard & Lynne Saperstein
6553 Landings Court
Boca Raton, FL 33496

Internal Revenue Service
Special Procedures Branch
P.O. Box 1076
Room 1003
Baltimore, MD 21203

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Joseph Bellinger, Esq.
Offit Kurman
300 E. Lombard Street, Suite 2010
Baltimore, MD 21202
jbellinger@offitkurman.com

Alan Betten, Esq.
Sagal, Filbert, Quasney & Betten, P.A.
600 Washington Ave., Ste.300
Towson, MD 21204
abetten@sagallaw.com

Kathleen K. Birrane, Esq.
6225 Smith Avenue
Baltimore, MD 21209
Kathleen.Birrane@dlpiper.com

David W. Cohen, Esq.
Law Office of David W. Cohen
1 N. Charles St., Ste. 350
Baltimore, MD 21201
dwcohen79@jhu.edu

Merrill Cohen, Esq.
Cohen, Baldinger & Greenfeld, LLC
2600 Tower Oaks Blvd.
Suite 103
Rockville, MD 20852
merrillc@cohenbaldinger.com

G. David Dean, II, Esq.
Cole Schotz Meisel Forman & Leonard P.A.
300 E. Lombard Street
Suite 2000
Baltimore, MD 21202
ddean@coleschotz.com

John Van Lear Dorsey, Esq.
Maryland Insurance Administration
200 St. Paul Place
Suite 2700
Baltimore, MD 21202
vdorsey@mdinsurance.state.md.us

Tiffany S. Franc, Esq.
Pessin Katz Law, P.A.
901 Dulaney Valley Rd., Ste. 400
Towson, MD 21204
tfranc@pklaw.com

James Greenan, Esq.
McNamee, Hosea, et. al.
6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
jgreenan@mhlawyers.com

Alan M. Grochal, Esq.
Tydings and Rosenberg
100 E. Pratt Street., Fl. 26
Baltimore, MD 21202
agrochal@tydingslaw.com

Zvi Guttman, Esq.
The Law Offices of Zvi Guttman, P.A.
P.O. Box 32308
Baltimore, MD 21282
zvi@zviguttman.com

Gregory P. Johnson, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
gjohnson@offitkurman.com

Patrick J. Kearney, Esq.
Selzer Gurvitch
4416 East West Hwy.
4th Floor
Bethesda, MD 20814
pkearney@sgrwlaw.com

Susan J. Klein, Esq.
233 E. Redwood St.
Baltimore, MD 21202
sklein@gfrlaw.com

Richard M. Kremen, Esq.
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
richard.kremen@dlapiper.com

Gary H. Leibowitz, Esq.
Cole, Schotz, Meisel, Forman & Leonard
300 E. Lombard Street, Suite 2000
Baltimore, MD 21202
gleibowitz@coleschotz.com

M. Evan Meyers, Esq.
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale Park, MD 20737
bdept@mrrlaw.net

DB04/0767595.0727/11144508.1

Valerie P. Morrison, Esq.
Wiley Rein LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA 22102
vmorrison@wileyrein.com

Jeffrey M. Orenstein, Esq.
Goren, Wolff & Orenstein, LLC
15245 Shady Grove Road
Suite 465, North Lobby
Rockville, MD 20850
jorenstein@gwolaw.com

Lawrence F. Regan, Jr., Esq.
Garza, Regan & Associates
17 West Jefferson St.
Suite 100
Rockville, MD 20850
lregan@garzanet.com

Daniel P. Rigterink, Esq.
Bregman, Berbert, Schwartz & Gilday LLC
7315 Wisconsin Ave., Ste. 800 West
Bethesda, MD 20814
drigterink@bregmanlaw.com

Timothy P. Schwartz, Esq.
7315 Wisconsin Ave
Suite 800 West
Bethesda, MD 20814
tschwartz@bregmanlaw.com

Joel I. Sher, Esq.
Shapiro Sher Guinot & Sandler
36 S. Charles Street
Suite 2000
Baltimore, MD 21201
jis@shapirosher.com

Barton J. Sidle, Esq.
9515 Deereco Road
Suite 902
Timonium, MD 21093
bsidle@sidlelaw.com

Aryeh E. Stein, Esq.
Meridian Law, LLC
600 Reisterstown Road, Suite 700
Baltimore, MD 21208
astein@meridianlawfirm.com

Larry Isaac Strauss
2310 Smith Avenue
Baltimore, MD 21209
Larry@larrystraussesqcpa.com

Paul Sweeney, Esq.
Yumkas, Vidmar & Sweeney, LLC
2530 Riva Road, Suite 400
Annapolis, MD 21401
psweeney@yvslaw.com

Victor Y. Lipnitsky, CPA
Stout Risius Ross, Inc.
Legg Mason Tower
100 International Drive, 23rd Floor
Baltimore, MD 21202

/s/ Janet M. Nesse
Janet M. Nesse