Entered: October 18th, 2016
Signed: October 18th, 2016

**SO ORDERED**



**DAVID E. RICE**
**U. S. BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

_____
                                          )
In re:                                    )
                                          )        Chapter 11
SENATE ACCEPTANCE CORPORATION             )        Case No: 13-30244-DER
SENATE INSURANCE AGENCY, INC.             )        *Substantively Consolidated*
                                          )
Debtors.                                  )
_____ )

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. §
1129(a) AND FED. R. BANKR. P. 3020 CONFIRMING THE CHAPTER 11 TRUSTEE'S
FIRST AMENDED PLAN OF LIQUIDATION FOR THE ESTATES OF SENATE
ACCEPTANCE CORPORATION AND SENATE INSURANCE AGENCY, INC.**

Upon the entry of the *Amended Order Approving Disclosure Statement and Setting*

*Hearing on Confirmation of Plan and Fixing time For filing Acceptances Or Rejections of Plan*

*Combined With Notice Thereof* [Docket No. 530] approving the *Disclosure Statement with*

*Respect to Chapter 11 Trustee's First Amended Plan of Liquidation for the Estates of Senate*

*Acceptance Corporation and Senate Insurance Agency, Inc.* (the "Disclosure Statement")

relating to the *Chapter 11 Trustee's First Amended Plan of Liquidation for the Estates of Senate*

*Acceptance Corporation and Senate Insurance Agency, Inc.* (the "Plan") and the Court having

held a hearing on October 18, 2016 pursuant to Section 1129 of the Bankruptcy Code to consider

confirmation of the Plan (the "Confirmation Hearing"); and the Court having heard the testimony

of Janet M. Nesse, by proffer or otherwise; and the Court having admitted into the record

evidence adduced at the Confirmation Hearing; and all objections to the Plan having been

resolved and/or overruled; and after due deliberation thereon and good and sufficient cause

appearing therefor,

### THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    **Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).** This

Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the

Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has

jurisdiction to determine whether the Plan complies with the applicable provisions of

the Bankruptcy Code and should be confirmed.

B.    **Filing of Plan and Plan Exhibits.**  On September 14, 2016, the Chapter 11 Trustee

filed the Plan [Docket No. 526] as corrected by the Line filing Corrected Page

Sixteen to Plan [Docket No. 536].

C.    **Entry of Order Approving Disclosure Statement.** On September 15, 2016, the

Court entered an order approving the Disclosure Statement (the "Order Approving

Disclosure Statement") (Docket No. 530).

D.    **Transmittal of Solicitation Package**. On or before September 19, 2016, the Plan

Proponents caused the Plan and Disclosure Statement, along with appropriate ballots,

to be served and distributed as required by the Order Approving Disclosure Statement.

E. **Due and Adequate Notice**. Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with deadlines for voting on the Plan and filing objections to the Plan, has been given to, among other parties, all known Holders of Claims entitled to vote on the Plan. No other or further notice is or shall be required.

F. **Solicitation**. The Plan Proponents solicited votes for acceptance or rejection of the Plan in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Order Approving Disclosure Statement, and all other rules, laws, and regulations. All persons who solicited votes on the Plan, including any such persons released pursuant to Article VII of the Plan, solicited such votes in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code as well as the exculpation, limitation of liability, and injunction provisions set forth in Article VII of the Plan.

G. **Voting Results**. The Summary of Ballots filed by the Trustee, as amended on the record, is consistent with Bankruptcy Rule 3018. All procedures used to tabulate the Ballots were fair and reasonable and conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Order Approving Disclosure Statement, and all other applicable rules, orders, laws, and regulations.

H.    **Plan Modifications**. The Plan (including all modifications thereof) is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the clerk of the Bankruptcy Court satisfies Bankruptcy Rule 3016(b). The modifications to the Plan, as set forth herein, are not materially adverse modifications and are permissible under Bankruptcy Code section 1127(a) and (c). Specifically, the Plan, including the modifications, complies with Bankruptcy Code sections 1122, 1123 and 1125. The modifications to the Plan do not adversely change the treatment of the Claim of any Creditor and would not cause any Creditor to reconsider its acceptance of the Plan.  Notwithstanding the modifications to the Plan, the Disclosure Statement contains adequate information concerning the Plan sufficient to allow a reasonable, hypothetical creditor to make an informed judgment regarding the Plan.

I.    **No Further Solicitation Necessary.** Solicitation of the Plan is sufficient as to the Plan and no re-solicitation of the Plan is required under Bankruptcy Code section 1127 or Bankruptcy Rule 3019(a).

J.    **Burden of Proof**. As more fully set forth herein, the Plan Proponent has met her burden of proving each of the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for the Confirmation.

K.    **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).** The Plan complies with all applicable provisions of the Bankruptcy Code including, without limitation, all provisions relating to adequacy of notice of the Confirmation Hearing

and all other matters relating to the Plan and adequacy of the information in the Disclosure Statement, satisfying the requirements of 11 U.S.C. § 1129(a)(1).

L.     **Plan Proponent's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** The Plan Proponent has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

M.     **Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))** . The Plan Proponent has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the formulation of the Plan and all modifications thereto. The Plan and all modifications thereto were proposed with the legitimate and honest purpose of maximizing the value of the Debtors and the recovery to Holders of Claims. Therefore, the Plan Proponent has proposed the Plan in good faith and not by any means forbidden by law, and section 1129(a)(3) of the Bankruptcy Code is satisfied with respect to the Plan.  The Plan Proponent is entitled to a presumption of good faith pursuant to Bankruptcy Rule 3015(f).

N.     **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**. Any payment made or to be made by the Debtors (or the Chapter 11 Trustee) for services or for costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, either has been approved by or is subject to the approval of the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

O.    **Board of Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**

    (1) The initial Liquidating Trustee shall be Janet M. Nesse. The Disclosure Statement adequately discloses the compensation to be provided to the Liquidating Trustee.

    (2) The initial members of the Monitoring Committee shall be Adam Bolotin, Peter Harvey and Stuart Soberman.

    (3) The appointment to such office of each individual or entity is consistent with the interests of Holders of Claims against and Interests in the Debtors, and with public policy. Therefore, section 1129(a)(5) of the Bankruptcy Code is satisfied with respect to the Plan.

P.    **No Rate Changes (11 U.S.C. § 1129(a)(6)).** Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

Q.    **Best Interests Test (11 U.S.C. § 1129(a)(7)).** The evidence adduced at the Confirmation Hearing (1) was persuasive and credible, (2) was based upon reasonable and sound assumptions, and (3) established that each holder of a Claim or Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Therefore, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

R.    **Treatment of Administrative and Priority Tax Claims and Non-Tax Priority Claims (11 U.S.C. § 1129(a)(9)).** The treatment of Administrative Expense Claims and Non-Tax Priority Claims under the Plan satisfies the requirements of section

1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax

Claims under the Plan satisfies the requirements of section 1129(a)(9)(C) of the

Bankruptcy Code.

S.    **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).** At least one impaired

Class of Claims voted to accept the Plan determined without including any

acceptance of the Plan by any "insiders." Therefore, section 1129(a)(10) of the

Bankruptcy Code is satisfied with respect to the Plan.

T.    **Feasibility (11 U.S.C. § 1129(a)(11)).** The Plan provides for the liquidation of all or

substantially all of the property of the Debtors. The Disclosure Statement and the

evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and

credible, (ii) have not been controverted by other credible evidence or sufficiently

challenged in any of the objections to the Plan, and (iii) establish that the Plan is

feasible and that confirmation of the Plan is not likely to be followed by the

liquidation of the Debtors except as provided for by the Plan or the need for further

financial reorganization of the Debtors. Therefore, the Plan satisfies section

1129(a)(11) of the Bankruptcy Code.

U.    **Payment of Fees (11 U.S.C. § 1129(a)(12)).** The estates have paid or, pursuant to the

Plan, the Chapter 11 Trustee and/or Liquidating Trustee will pay by the Effective

Date, fees payable under 28 U.S.C. § 1930, thereby satisfying section 1129(a)(12) of

the Bankruptcy Code.

V.    **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).** The Debtors are not

obligated to provide retiree benefits to any person. Accordingly, the requirements of

section 1129(a)(13) of the Bankruptcy Code are inapplicable.

7

W.     **Projected Disposable Income**. The Debtors are not individuals, therefore, section

1129(a)(15) of the Bankruptcy Code is inapplicable.

X.     **Transfers of Property**. All transfers of property under the Plan shall be made in

accordance with any applicable provisions of nonbankruptcy law that govern the

transfer of property by a corporation or trust that is not a moneyed, business, or

commercial corporation or trust, thus satisfying § 1129(a)(16) of the Code.

Y.     **Section 1129(b); Confirmation of the Plan over Nonacceptance of Impaired**

**Classes.** The Holders of Claims against the Debtors in Classes 2b and 5 are deemed

to have rejected the Plan pursuant to 11 U.S.C. § 1126(g). All of the requirements of

section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8) with respect to

such Classes, have been met.  With respect to Class 2b, the Plan provides that holders

of Class 2b Claims will be paid cash payments totaling at least the allowed amount of

such claims, of a value, as of the Effective Date of the Plan, of at least the value of

such holder's interest in property of the estates.  With respect to Class 2b, the Plan

provides that holders of Class 2b Claims will be paid the indubitable equivalent of

their secured claims.  With respect to Class 5, no Holders of Claims against or

Interests in the Debtors junior to the Holders of such Classes will receive or retain

any property under the Plan on account of such Claims or Interests.  No Class of

Claims senior to Class 5 is receiving property under the Plan having a value more

than the Allowed amount of such Claim or Interest.  Accordingly, the Plan is fair and

equitable and does not discriminate unfairly, as required by section 1129(b) of the

Bankruptcy Code and may be confirmed under Bankruptcy Code section 1129(b)

notwithstanding such Class' deemed rejection of the Plan.

8

Z.      **Principal Purpose of Plan** (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

AA.    **Releases and Exculpation**. The release, exculpation and injunction provisions contained in Article VII of the Plan, represent the exercise of reasonable business judgment and are integral and essential to the success of the Plan. The releases, exculpation, and injunctions described in Article VII of the Plan, as modified herein, are approved by the Court as appropriate pursuant to applicable law and/or are consensual. Such release, exculpation and injunction provisions are (i) in the best interests of the Debtors' Estates, Claimholders and other parties in interest, (ii) fair, equitable and reasonable, (iii) integral elements of the liquidation and resolution of the Chapter 11 Cases in accordance with the Plan, and (iv) are otherwise approved by the Court as appropriate pursuant to applicable law.

BB.    Each of the release, exculpation, injunction, and indemnification provisions set forth in the Plan, as modified herein: (a) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), (b), and (d); (b) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated into the Plan; (d) confers a material benefit on, and is in the best interests of, the Debtors, their Estates and their Creditors; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in the Chapter 11 Cases with respect to the Debtors; and (f) is

consistent with sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.

CC.     Pursuant to Article VIII.C of the Plan, the Chapter 11 Trustee has waived the requirement of Article VIII.B of the Plan that fourteen (14) days have passed since the Confirmation Date before the Plan becomes effective.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Plan is **CONFIRMED** as modified herein.

2.      All defined terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

3.       To the extent permitted by applicable law, this Court hereby retains jurisdiction of the Chapter 11 Cases: (a) pursuant to and for the purposes of §§ 105(a) and 1127 of the Bankruptcy Code; and (b) as set forth in Article VIII of the Plan, as modified herein.

4.      The Chapter 11 Trustee is hereby authorized to execute and deliver all documents and to take all actions necessary to consummate the Plan, including making all payments required under the Plan. All release, exculpation and injunction provisions and all other matters set forth in the Plan shall be effective as of the Effective Date.

**Modifications to the Plan**

5.      The Plan is hereby modified and amended as set forth below.

6.      Python Financial Solutions, Inc. shall receive cash in the amount of $150,000 on the Effective Date, and 75% of the payments made to EZ Insurance Group, LLC after August 15, 2016.

10

7.      Pursuant to Article VIII.C of the Plan, the requirement of Article VIII.B.a of the Plan that fourteen days have passed since the Confirmation Date before this Plan becomes effective is deemed waived; and the Effective Date of the Plan shall be the date of this Order.

**Exculpation**

8.      **Limitation of Liability in Connection with the Chapter 11 Case, the Plan, Disclosure Statement and Related Documents:**  Pursuant to section 1125(e) of the Bankruptcy Code, the Chapter 11 Trustee, the Creditors' Committee, the Liquidating Trustee, and the Monitoring Committee and their respective present and former firms, companies, shareholders, members, partners, officers, directors, employees, professionals, representatives, successors, and assigns (collectively, the "Plan Participants") will neither have nor incur any liability to any Person for any act taken or omitted to be taken in connection with or related to the Cases, including, but not limited to, the formulation, preparation, dissemination, negotiation, implementation, confirmation or consummation of the Plan, the Disclosure Statement, the Confirmation Order, the Liquidation Trust Agreement, or any contract, instrument, release or other agreement, pleading or document created or entered into, the pursuit, non-pursuit or settlement of Causes of Action or Individual Lender Direct Causes of Action, or any other act taken or omitted to be taken in connection with or for the purpose of carrying out the Plan, the Disclosure Statement, the Confirmation Order or the Liquidation Trust Agreement or related agreement, including solicitation of acceptances of the Plan ("Exculpated Conduct"); *provided*, *however*, that no Person shall be relieved of liability for fraud, gross negligence, intentional misconduct or the willful violation of federal or state securities laws or the Internal Revenue Code.  **The Plan provides that all Persons are permanently enjoined from commencing, or continuing in any manner, any action or proceeding against any of the Plan Participants,**

whether directly, derivatively, on account of or respecting any Claim, debt, right, or cause of action based in whole or in part upon any Exculpated Conduct.   Any Plan Participant injured by any willful violation of the injunctions provided in the Plan shall recover from the willful violator actual damages (including costs and attorneys' fees) and, in appropriate circumstances, punitive damages.

9.    **Injunction Against Suing the Chapter 11 Trustee, the Creditors' Committee, the Liquidation Trust, the Liquidating Trustee and the Monitoring Committee: AS OF THE EFFECTIVE DATE OF THE PLAN, ALL PERSONS THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS (INCLUDING, BUT NOT LIMITED TO, ADMINISTRATIVE EXPENSE CLAIMS) OR INTERESTS ARE HEREBY PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF ANY SUCH CLAIM, ADMINISTRATIVE EXPENSE CLAIM OR INTEREST AGAINST THE DEBTORS, THE LIQUIDATING DEBTORS, THE CHAPTER 11 TRUSTEE, THE CREDITORS' COMMITTEE, THE LIQUIDATING TRUSTEE, AND THE MONITORING COMMITTEE, OR THE MEMBERS OF THE MONITORING COMMITTEE, AND THEIR RESPECTIVE FIRMS, COMPANIES, SHAREHOLDERS, MEMBERS, PARTNERS, OFFICERS, DIRECTORS, EMPLOYEES, PROFESSIONALS, REPRESENTATIVES, SUCCESSORS AND ASSIGNS (THE "ESTATE PARTIES"), INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS, ADMINISTRATIVE EXPENSE CLAIMS AND INTERESTS BASED UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND, TYPE OR NATURE THAT OCCURRED IN CONNECTION WITH THE CASES PRIOR TO THE**

CONFIRMATION DATE; (II) THE ENFORCEMENT, ATTACHMENT,

COLLECTION, OR RECOVERY BY ANY MANNER OR MEANS OF ANY

JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE ESTATE PARTIES

ARISING FROM ANY MATTER RELATED TO THE CASES; (III) CREATING,

PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST

THE ESTATE PARTIES OR AGAINST THE PROPERTY, OR INTERESTS IN

PROPERTY, OF THE ESTATE PARTIES WITH RESPECT TO ANY SUCH CLAIMS

(INCLUDING, BUT NOT LIMITED TO, ADMINISTRATIVE EXPENSE CLAIMS) OR

INTERESTS; AND (IV) ASSERTING ANY DEFENSE OR RIGHT OF SETOFF,

SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION

DUE FROM THE ESTATE PARTIES OR AGAINST THE PROPERTY, OR

INTERESTS IN PROPERTY, OF THE ESTATE PARTIES WITH RESPECT TO ANY

SUCH CLAIM (INCLUDING, BUT NOT LIMITED TO, ADMINISTRATIVE EXPENSE

CLAIMS) OR INTEREST. PROVIDED HOWEVER, AND NOTWITHSTANDING

ANYTHING TO THE CONTRARY IN THIS PARAGRAPH, (I) NOTHING SHALL

IMPAIR THE RIGHTS OF A DEFENDANT TO A CAUSE OF ACTION FROM

ASSERTING A RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT AS AN

AFFIRMATIVE DEFENSE, (II) NOTHING SHALL IMPAIR THE RIGHTS OF

CREDITORS TO DEFEND ANY CLAIM OBJECTION OR RECEIVE TREATMENT

PROVIDED UNDER THE PLAN, (III) NOTHING SHALL PROHIBIT PERSONS FROM

FILING ADMINISTRATIVE EXPENSE CLAIMS ON OR BEFORE THE

ADMINISTRATIVE EXPENSE CLAIMS BAR DATE, AND (IV) NOTHING SHALL

RELIEVE THE ESTATE PARTIES FROM THEIR OBLIGATIONS UNDER THE

**PLAN.** For the avoidance of doubt, and notwithstanding any other provision contained in the Plan or this Confirmation Order, nothing in the Plan or this Confirmation Order shall release or enjoin the prosecution of any claims or Causes of Action or Individual Lender Direct Causes Of Action held by or assigned to the Debtors, the Estates or the Liquidation Trust.

10.    **Bar Dates and Deadlines:** The bar dates and deadlines set forth in the Plan are hereby approved, including but not limited to the following:

a.    **Administrative Expense Claims Bar Date**. Except as otherwise provided in Article III.A. of the Plan or this Order, requests for payment of an Administrative Expense Claim that arises from and after the Petition Date up to and through the Effective Date, except for Professional Fee Claims, must be filed with the Bankruptcy Court and served on the Chapter 11 Trustee (prior to the Effective Date), the Liquidating Trustee (after the Effective Date), the Monitoring Committee (after the Effective Date) and the United States Trustee no later than thirty (30) days after the Effective Date (the "Administrative Expense Claims Bar Date").

b.    **Administrative Expense Claims Objection Deadline**. Except as set forth in the Plan with respect to Administrative Expense Claims, all objections to Administrative Expense Claims, other than Professional Fee Claims, must be filed and served on the Holders of such Administrative Expense Claims by the later of (a) sixty (60) days after the Effective Date or (b) such other date specified in this Plan or ordered by the Bankruptcy Court, as the same may be extended by the Bankruptcy Court.

c.      **Professional Claims and Final Fee Applications**. Final Fee Applications must be filed no later than twenty-one (21) days after the Effective Date. Final Fee Applications will be noticed for hearing in accordance with the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Court Rules and any order of the Court. Objections, if any, shall be filed in accordance with the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Court Rules, any order of the Court, and shall be served on the Professional whose Final Fee Application is being objected to, the Chapter 11 Trustee or the Liquidating Trustee (as applicable), the Monitoring Committee (as applicable), and the Office of the U.S. Trustee.  Failure to properly object to a Final Fee Application constitutes a waiver of a party's right to object to a Final Fee Application.

d.      **Rejection Damages Bar Date**. Except as otherwise provided in the Plan, if the rejection of an executory contract or unexpired lease pursuant to the Plan gives rise to a Claim, such Claim shall be barred and shall not be enforceable against the applicable Debtor or its Estate, the Liquidating Trust, or their respective successors or properties unless a Rejection Damages Claim is filed with the Court and served on the Liquidating Trustee and his counsel within thirty (30) days after the Effective Date. The Liquidating Trustee reserves the right to object to any such Rejection Damages Claim; provided, however, that any such objection must be served and filed not later than the Claims Objection Deadline.

e.     **Claims Objection Deadline:** Except as set forth in the Plan with respect to Claims other than Administrative Expense Claims, all objections to such Claims must be filed and served on the Holders of such Claims by the later of (a) three hundred and sixty (360) days after the Effective Date or (b) such other date ordered by this Bankruptcy Court, as the same may be extended by the Bankruptcy Court.

**Liquidating Trust**

11.     **Formation of and Provisions Regarding the Liquidating Trust**. The formation, rights, powers, duties, structure, obligations, and related matters pertaining to the Liquidating Trust shall be governed by Article V of the Plan and the Liquidating Trust Agreement.

12.     **Liquidating Trust Agreement.** The Liquidating Trust Agreement (which such agreement shall be substantially in the form as filed with the Court) is hereby approved.

13.     **Transfer of Trust Assets**. On the Effective Date, the Liquidating Trust Assets shall automatically vest in the Liquidation Trust for the benefit and on behalf of the Beneficiaries.

14.     **Approval of Liquidating Trustee**. The appointment of Janet M. Nesse as the Liquidating Trustee under the Liquidating Trust Agreement and the Plan is hereby approved, and the Liquidating Trustee is hereby authorized to carry out all duties as set forth in the Plan, the Liquidating Trust Agreement, and this Confirmation Order.  The Liquidating Trustee shall not be considered or deemed to be a Court appointed receiver or officer and the rights of the Liquidating Trustee shall be as set forth in the Plan, this Confirmation Order, the Liquidating Trust Agreement and any Plan Documents.

15.     On and after the Effective Date, the Liquidating Trustee may, without further order of the Court, institute, prosecute and settle any and all Individual Lender Direct Causes of Actions; and notwithstanding anything else set forth in the Plan, this Confirmation Order, the Liquidating Trust Agreement or any Plan Documents to the contrary, this Court shall not retain jurisdiction over any of the Individual Lender Direct Causes of Actions, and the jurisdiction over such Individual Lender Direct Causes of Actions shall be as otherwise provided under applicable state or common law.

16.     **The Monitoring Committee**. The Court approves the appointment of Adam Bolotin, Peter Harvey and Stuart Soberman as members of the Monitoring Committee. The Monitoring Committee is hereby authorized to carry out all duties as set forth in the Plan, and this Confirmation Order.

17.     **Nondischarge of Debtors**. Pursuant to Bankruptcy Code section 1141(d), Confirmation will not discharge Claims against the Debtors. However, no Person holding a Claim may receive any payment from, or seek recourse against, any assets that are to be distributed under this Plan other than assets required to be distributed to that Person under the Plan. As of the Effective Date, all Persons are precluded from asserting against any of the Liquidation Trust Assets or any property that is to be distributed under this Plan, any Claims, rights, causes of action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Confirmation Date except as expressly provided for in the Plan or in the Confirmation Order.

18.     **Assumption or Rejection of Executory Contracts and Unexpired Leases.** Pursuant to Section VII of the Plan, except as otherwise provided in any contract, instrument, release, indenture, the Plan, or other agreement or document entered into in connection with the

Plan, as of the Effective Date, all executory contracts and unexpired leases to which the Debtor is a party are hereby rejected as of the Effective Date.

**Notice and Other Provisions**

19. **Notice of Confirmation Order.** Promptly after the entry of this Confirmation Order, the Liquidating Trustee shall serve this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), on (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the members of the Creditors' Committee; (d) the Debtors; (e) all Holders of Claims against and Interests in the Debtors; and (f) other parties in interest, by causing a notice of this Confirmation Order to be delivered to such parties by first class mail, postage prepaid.

20. **Notice of Effective Date**. Promptly after the occurrence of the Effective Date, the Liquidating Trustee shall serve notice of entry of the Effective Date on (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the members of the Creditors' Committee; (d) the Debtors; (e) all Holders of Claims against and Interests in the Debtors; and (f) other parties in interest, by causing a notice of the Effective Date to be delivered to such parties by first class mail, postage prepaid.

21. **Objections**. All Objections and all reservations of rights that have not been withdrawn, waived or settled, pertaining to the Confirmation of the Plan are overruled on the merits.

22. **Exemption from Stamp Taxes**. Pursuant to Bankruptcy Code section 1146(a), any transfers from any of the Debtors or the Estates to the Liquidating Trust or by the Debtors or the Estates to any other Entity pursuant to the Plan in the United States shall not be subject to any stamp tax or similar tax. State or local governmental officials or agents are hereby directed to forgo the collection of any such tax or governmental assessment and to accept for filing and

recordation any applicable instruments or documents without the payment of any such tax or governmental assessment.

23.     **Vesting of Assets and Operation as of the Effective Date**. Except as otherwise explicitly provided in the Plan, on the Effective Date, all property comprising the Estates shall vest in the Liquidating Trust, free and clear of all Liens, Claims, encumbrances, and other interests. As of the Effective Date, the Liquidating Trustee may manage, distribute, use, acquire, and dispose of property vested in the Liquidating Trust and settle and compromise Claims against the Debtors or the Estates without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions imposed by the Plan, this Confirmation Order or the Liquidating Trust Agreement.

24.     **Vesting of Individual Lender Direct Causes of Actions.**  Upon entry of this Order, all Individual Lender Direct Causes of Actions, as defined in the Plan, other than those Individual Lender Direct Causes of Actions belonging to Holders of Class 4 Claims that have submitted ballots affirmatively opting out of assigning such Individual Lender Direct Causes of Actions to the Liquidating Trust, are deemed to have been assigned to and shall vest in the Liquidating Trust, free and clear of all Liens, Claims, encumbrances, and other interests. As of the Effective Date, the Liquidating Trustee may prosecute settle and compromise all Individual Lender Direct Causes of Actions so assigned, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions imposed by the Plan, this Confirmation Order or the Liquidating Trust Agreement.

25.     **References to Plan Provisions.** The failure to include or specifically reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the

effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety as modified herein.

26.     **Confirmation Order Supersedes.** It is hereby ordered that this Confirmation Order shall supersede any orders of this Court issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.

27.     **Conflicts between Confirmation Order and Plan.** The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

28.     **Retention of Jurisdiction**. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters set forth in Article VIII.Q of the Plan.

29.     **Final Order**. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

30.     **Waiver of Stay.** The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

**END OF ORDER**

cc:      All creditors